**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GUERRA RAMOS, | ) |
| | ) |
| Petitioner, | ) |
| | )     3:26-cv-00984 |
| v. | ) |
| | ) |
| WARDEN DELANEY HALL DETENTION | ) |
| CENTER et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER DENYING PETITIONER'S MOTION TO ENFORCE

On June 22, 2026, an Immigration Judge held a bond hearing to consider Petitioner's continued detention at Moshannon Valley Processing Center, and ultimately denied bond based on Petitioner presenting a flight risk. (ECF No. 18). Subsequently, Petitioner filed a copy of the bond hearing transcript alongside a Motion to Enforce, (ECF No. 21), arguing the results of this bond hearing were so fundamentally unfair as to demonstrate that the hearing violated the Constitution's guarantee of Due Process and thus, he should immediately be released from detention or be granted another bond hearing in front of a different Immigration Judge. Respondents filed a Response, (ECF No. 23), and Petitioner has now filed a Reply, (ECF No. 25). For the reasons that follow, Petitioner's Motion is DENIED.

Petitioner argues that the bond hearing held on June 22, 2026, was fundamentally unfair because the presiding Immigration Judge gave improper weight to a discrepancy in the addresses listed on his government ID and his recent tax filings, and also improperly considered information in Petitioner's separate merits case that had yet to be adjudicated. Petitioner argues that this denied him his Due Process right to a "fundamentally fair bond hearing." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 U.S. App. LEXIS 5092, at *5 (3d Cir. Feb. 25, 2022). He

1

requests immediate release or, in the alternative, that the Court order that a new bond hearing be held in front of a different Immigration Judge.

Respondents disagree. They argue that Petitioner is attempting to relitigate the merits of his bond hearing. Respondents argue that what Petitioner is really asking is for the Court to review "agency factual determinations, including credibility findings." *See Ahmed v. Att'y Gen. of U.S.*, 446 F. App'x 485, 487 (3d Cir. 2011). Respondents point out that Congress divested federal district courts of jurisdiction to review such findings through the passage of the Immigration and Nationality Act. *See* 8 U.S.C. § 1226(e). According to Respondents, because Petitioner's challenge is to the weight the Immigration Judge gave to certain pieces of evidence in the record, Petitioner is asking this Court to go beyond its jurisdiction and improperly review the Immigration Judge's factual determinations.

While both parties take their respective arguments too far, the Respondents have the better of the argument. In *Ghanem*, the Third Circuit stated that this Court lacks jurisdiction to review an immigration bond hearing for anything other than determining if it was "fundamentally unfair." 2022 U.S. App. LEXIS 5092, at *5. In that case, the Third Circuit considered a petitioner's appeal of a district court's denial of a motion to enforce a writ of habeas corpus, which the district court granted only insofar as it ordered a bond hearing in front of an Immigration Judge. At the district court level, the petitioner challenged the consideration of certain police records in denying bond, by both the Immigration Judge and the Board of Immigration Appeals. Petitioner claimed the records were unreliable and contained inadmissible hearsay which could not be considered during the hearing. *Id.* at *5. The district court denied the motion to enforce, concluding that the hearing and comported with due process. *Id.* at *1. The Third Circuit affirmed, holding that such "evidentiary quibbles" did not make the bond hearing so fundamentally unfair as to present a Due

Process violation. *Id.* at *5. The Third Circuit made it clear the weight an Immigration Judge decides to give to evidence in the record is a discretionary decision, unreviewable by a district court.

Here, Petitioner's central claim is that the Immigration Judge should not have considered certain pieces of evidence in the record. At the outset, the Court notes that considering this evidentiary issue does not convert the pending Motion to Enforce into a review of the merits of the Immigration Judge's decision; the Court can review evidentiary rulings to ensure that they are not so irrational as to impugn the integrity of the hearing process itself.

First, the Petitioner contends that the Immigration Judge should not have considered the addresses contained in Petitioner's tax documents and on his government ID. While Petitioner argues the Immigration Judge was required to make an evidentiary finding that the discrepancy between these two addresses was fraudulent, the Immigration Judge was within his discretion to credit this discrepancy as being indicative of flight. Petitioner even had the chance to challenge that determination at the end of the hearing. (ECF No. 21-1 at 20:1-8).

Second, as to the information contained in Petitioner's application for cancellation, the subject of a separate merits proceeding that had yet to be resolved at the time of Petitioner's bond hearing, the Immigration Judge was well within his discretion to consider that information. Petitioner is correct that a bond hearing is meant to "provide a preliminary evaluation of the facts and evidence" that is more informal than a merits removal proceeding. *See Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 804 (BIA 2020). But that does not mean an Immigration Judge must wall off the information contained in the Petitioner's own application for such proceedings, especially when conducting the preliminary factfinding necessary to properly decide if bond should be granted or denied.

3

Petitioner quarrels with how the Immigration Judge considered certain evidence in his bond hearing. But that is not for this Court to review on a *de novo* or merits basis. Congress has determined that the proper avenue for such a challenge is through an appeal to the Board of Immigration Appeals. Because Petitioner's bond hearing was fundamentally fair so as to comport with Due Process, IT IS HEREBY ORDERED that Petitioner's Motion for Immediate Release, (ECF No. 21), is DENIED.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2026

CC: All counsel of record.